FILED

2017 MAR 15 PM 3:30

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Ricky Farace,                                     CASE NO: 6:17cv-474-Orl-37GJK

        Plaintiff,

v.                                                JURY TRIAL DEMANDED

Citibank, N.A.

        Defendant.
_____/

## COMPLAINT

Plaintiff, Ricky Farace (hereinafter, "Mr. Farace" or "Plaintiff"), by and through counsel, brings this action against Defendant, Citibank, N.A. (hereinafter, "Citibank" or "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes.

### PARTIES

2. Plaintiff, Ricky Farace, is a natural person who resided in Orlando, Florida, at all times relevant to this action.

-1-


3. Defendant, Citibank, N.A., a division of Citigroup, Inc. is a Delaware corporation that maintained its principal place of business in New York City, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. In 2015, Citibank began calling Mr. Farace on his cellular phone at 407-XXX-5896, using an automatic telephone dialing system ("ATDS") in order to collect on a Citibank account.

8. Shortly after the calls began, Mr. Farace explained to Citibank that he had developed a serious medical condition that prevented him from working, and that as a result, he was unable to pay anything.

9. Additionally, Mr. Farace communicated his desire that Citibank cease calling him.

10. Despite these communications, Citibank continued to call Mr. Farace on his cellular phone.

11. Subsequently, on more than one occasion, Mr. Farace reiterated to Citibank that he was unable to pay the account and that Citibank should stop calling him.

12. Citibank's collection efforts, including but not limited to its telephone calls, caused Mr. Farace emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

13. Citibank's collection efforts also intruded upon Mr. Farace's privacy.

14. In addition, each time Citibank placed a telephone call to Mr. Farace, Citibank occupied Mr. Farace's telephone number such that Mr. Farace was unable to receive other phone calls at that telephone number while Citibank was calling him.

15. Citibank's telephone calls also forced Mr. Farace to lose time by having to tend to Citibank's unwanted calls.

## COUNT ONE

**Violation of the Telephone Consumer Protection Act**

16. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 15 above as if fully set forth herein.

17. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

18. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

19. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

20. A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 WL 419005, *2-3 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the*

*Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

21. Defendant used a telephone dialing system with predictive dialer functionality to place calls to Plaintiff on his cellular telephone.

22. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

23. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

24. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

25. The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

26. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

27. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

28. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

29. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or

should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

30. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

31. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

32. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT TWO

### Violations of the Florida Consumer Collection Practices Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 15 above as if fully set forth herein.

34. At all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

35. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

36. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

37. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

38. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

39. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

40. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

    a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    c. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: March 13, 2017　　　　　　By: /s/ *Sharina Romano*
　　　　　　　　　　　　　　　　　Sharina T. Romano, Esq.
　　　　　　　　　　　　　　　　　Florida Bar No.: 65501

　　　　　　　　　　　　　　　　　HYSLIP & TAYLOR, LLC, LPA
　　　　　　　　　　　　　　　　　1100 W. Cermak Road, Suite B410
　　　　　　　　　　　　　　　　　Chicago, Illinois 60608
　　　　　　　　　　　　　　　　　(P) 904-853-3050
　　　　　　　　　　　　　　　　　(F) 312-361-3509
　　　　　　　　　　　　　　　　　(E) sharina@fairdebt411.com
　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*